*Friday, June 11, 1993*

## MOTION DOCKET

**89–1291.** State v. Sneed. *Stark County*, No. CA–6976. UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies,

IT IS ORDERED by the court that said motion be, and the same is hereby, granted.

IT IS FURTHER ORDERED by the court that said stay is granted for a period of six months to allow appellant an opportunity to file a petition for post-conviction relief. Absent such a filing within said time period, this stay will expire, and no further time will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that if a petition for post-conviction relief has been filed within the time allotted, a date-stamped copy of such petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that the compliance with the mandate and execution of sentence be, and the same are hereby, stayed for a period of six months or, if a petition for post-conviction relief is filed within that time period, pending the exhaustion of all proceedings for post-conviction relief before courts of this state.

**91–172.** State v. Mills. *Hamilton County*, No. C–880581. UPON CONSIDERATION of the motion filed by counsel for appellant to continue stay of execution in the above-styled cause pending the exhaustion of state post-conviction remedies, and it appearing from the exhibits to the motion that a petition for post-conviction relief has been filed by appellant with the Hamilton County Common Pleas Court,

IT IS ORDERED by the court that said motion be, and the same is hereby, granted.

IT IS FURTHER ORDERED by the court that compliance with the mandate and execution of sentence be, and the same are hereby, stayed pending the exhaustion of all proceedings for post-conviction relief before courts of this state.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court when all proceedings for post-conviction relief before courts of this state have been exhausted.

*Monday, June 14, 1993*

## MOTION DOCKET

**90–338.** State v. Richey. *Putnam County*, No. 12–87–2. This court received notification from the Supreme Court of the United States that said court on May 17, 1993, entered an order in No. 92–6962, *Kenneth T. Richey v. Ohio*, which stated:

"The petition for rehearing is denied."

Upon consideration that the stay of execution of sentence granted by this court on May 21, 1993, was conditioned upon a ruling by the United States Supreme Court on appellant's petition for rehearing, and it appearing to this court that the Supreme Court of the United States has rendered such final disposition of said rehearing,

IT IS ORDERED that said stay is hereby terminated as of the date of this entry.

IT IS HEREBY ORDERED by this court that said sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden on Monday, the 13th day of September, 1993, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Warden of the Southern Ohio Correctional Facility and that said Warden shall make due return thereof to the Clerk of the Court of Common Pleas of Putnam County.